IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY ISAAC, ID # 1064693,     )<br>      Petitioner,     )<br>vs.     )<br>     )<br>JUDGE GARY R. STEPHENS, et al.,     )<br>      Respondents.     ) | No. 3:07-CV-0524-B (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

In March 2007, petitioner filed a "Motion to Supoena [sic] Records" wherein he seeks to compel respondents, Judge Gary R. Stephens and District Attorney Bill Hill, to produce various records and evidence related to his criminal conviction in Cause No. F00-00858-N. Based on the nature of the relief sought, and the lack of any pending case, the Court construed the motion as a petition for writ of mandamus to compel respondents to produce the requested records and ordered that the instant mandamus action be opened. No process has been issued in this case.

**II. PRELIMINARY SCREENING**

The Court has permitted petitioner to proceed *in forma pauperis*. This action is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). As a prisoner seeking redress from an officer or employee of a governmental entity, this action is also subject to preliminary screening pursuant to 28 U.S.C. § 1915A regardless of whether he proceeds *in forma pauperis*. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte*

dismissal, if the Court finds the action "frivolous" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986).

### III. MANDAMUS

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Under this section, the Court may only compel federal actors or agencies to act. This Court lacks "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). The Court lacks authority to direct a district attorney to produce state records or evidence. *See Lewis v. Texas*, 273 F.3d 1100, 2001 WL 1075827, at *1 (5th Cir. Aug. 21, 2001) (per curiam) (Text on Westlaw).

Section 1361 grants no jurisdiction to this Court to dictate action by state courts, their judicial officers, or other court personnel. It grants no jurisdiction to this Court to dictate action by a County District Attorney. This Court is therefore without power to order Judge Stephens or Bill Hill, former District Attorney for Dallas County, to produce petitioner's requested documents.

Consequently, the instant petition lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of mandamus be **DISMISSED with prejudice** as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

**SIGNED this 19th day of April, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE